UNITED STATES of America, Plaintiff–Appellee,

v.

Eduardo ORTA–GOMEZ, Defendant–Appellant.

No. 04–40884.
Summary Calendar.

United States Court of Appeals, Fifth Circuit.

Decided Aug. 1, 2005.

---

Paula Camille Offenhauser, James Lee Turner, Assistant U.S. Attorney, U.S. Attorney's Office Southern District of Texas, Houston, TX, for Plaintiff–Appellee.

Marjorie A. Meyers, Federal Public Defender, Molly E. Odom, Federal Public Defender's Office Southern District of Texas, Houston, TX, for Defendant–Appellant.

Before BARKSDALE, STEWART, and CLEMENT, Circuit Judges.

PER CURIAM: *

Eduardo Orta–Gomez (Orta) appeals the sentence imposed following his guilty-plea conviction for illegal reentry following deportation. *See* 8 U.S.C. § 1326. He argues that the sentence enhancing provisions contained in 8 U.S.C. §§ 1326(b)(1) and (b)(2) are unconstitutional. This argument is foreclosed by the Supreme Court's decision in *Almendarez–Torres v. United States,* 523 U.S. 224, 235, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998). *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), did not overrule *Almendarez–Torres. See Apprendi,* 530 U.S. at 489–90, 120 S.Ct. 2348; *United States v. Dabeit,* 231 F.3d 979, 984 (5th Cir.2000). The Supreme Court's decisions in *Blakely v. Washington,* 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), and *United States v. Booker,* — U.S. —, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), did not overrule *Almendarez–Torres. See Booker,* 125 S.Ct. at 756; *Blakely,* 124 S.Ct. at 2536–43. This court must follow the precedent set in *Almendarez–Torres* "unless and until the Supreme Court itself determines to overrule it." *Dabeit,* 231 F.3d at 984 (internal quotation marks and citation omitted).

■ Orta argues that under *Blakely,* the enhancement of his sentence based on his prior conviction was error. In *Blakely,* the Supreme Court held that "the 'statutory maximum' for *Apprendi* purposes is the maximum sentence a judge may impose solely on the basis of facts . . . *admitted to by the defendant." Blakely,* 124 S.Ct. at 2537 (emphasis in original). However, *Booker* reaffirmed the holding in *Apprendi* that prior convictions are excluded from the facts that must be admitted or submitted to the jury. *See Booker,* 125 S.Ct. at 756. Thus, Orta's sentence was not affected by a Sixth Amendment violation. *See Booker,* 125 S.Ct. at 750, 769.

---

\* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Orta argues that because his sentence was imposed pursuant to an unconstitutional, mandatory guidelines system, it is unconstitutional and should be vacated. This is the type of error that was experienced by the other respondent in *Booker,* Ducan Fanfan. *See Booker,* 125 S.Ct. at 750, 768–69; *see also United States v. Mares,* 402 F.3d 511, 518–20 & n. 9 (5th Cir.2005), *petition for cert. filed,* No. 04–9517 (U.S. Mar. 31, 2005). Because Orta did not raise this issue below, we review for plain error only. *See United States v. Valenzuela–Quevedo,* 407 F.3d 728, 732 (5th Cir.2005).

The "Fanfan" error was plain, meeting the first two prongs of the plain error standard. *See United States v. Martinez–Lugo,* 411 F.3d 597, 600 (5th Cir.2005). In order to show that the error meets the third prong and affected his substantial rights, he must show that it affected the outcome of the proceedings in the district court. *Id.* The error was not structural and prejudice is not otherwise presumed. *See id.; United States v. Malveaux,* 411 F.3d 558, 560 n. 9 (5th Cir.2005). Orta cannot show that he was prejudiced by the error because the district court sentenced him at the midpoint in the guidelines range and nothing in the sentencing transcript indicates that the district court would have imposed a lesser sentence if it knew that the guidelines were not mandatory. *See Martinez–Lugo,* 411 F.3d at 600–01.

AFFIRMED.